Patrick A. McDONOUGH and Dianne
F. McDonough, Plaintiffs,

v.

Leonard G. NEY, et al., Defendants.

Civ. No. 83–0303–B.

United States District Court,
D. Maine.

Dec. 4, 1984.

Patrick A. and Dianne F. McDonough, pro se.

Robert S. Frank, Asst. Atty. Gen., Augusta, Me., for defendants Martin, McCarthy, Beaulieu and Brennan.

Bernard J. Kubetz, Eaton, Peabody, Bradford & Veague, Bangor, Me., for defendant Donald Cushman and Leonard G. Ney.

John Ballou, Nathaniel M. Rosenblatt, Mitchell & Stearns, Bangor, Me., for defendants Kravchuk and Almy.

Paul Blankenstein, Robert Lavet, Civil Div., Dept. of Justice, Washington, D.C., Timothy C. Woodcock, Asst. U.S. Atty., Bangor, Me., for defendants McCloskey, Mitchell and Cohen.

Stanley M. Brand, Gen. Counsel to the Clerk, Steven R. Ross, Deputy Counsel to the Clerk, Michael L. Murray, Asst. Counsel to the Clerk, U.S. House of Representatives, Washington, D.C., for defendant Olympia Snowe.

## MEMORANDUM AND ORDER ON MOTIONS TO DISMISS

CYR, Chief Judge.

### INTRODUCTION

The present action began with the filing of a *pro se* complaint on August 2, 1983, approximately one year after the plaintiffs first asserted an unqualified constitutional right to educate their children at home, without having obtained state approval of their "home education plan" in accordance with 20 M.R.S.A. §§ 911(1)(A), (3)(A) & 914 (Supp.1981–82) [hereinafter "compulsory attendance laws"].[1]

Even as plaintiffs continued to press their constitutional defenses in the first civil forfeiture action before the Courts of the State of Maine,[2] they brought the present federal court action against both United States Senators for Maine, one Member of the U.S. House of Representatives, the Governor of Maine, the Speaker of the Maine House of Representatives, one Justice and one Judge of the Courts of the State of Maine, an Assistant U.S. Attorney, two Assistant District Attorneys for the State of Maine, the Superintendent of School Administrative District No. 64, the Truant Officer for S.A.D. 64 and, finally, an Assistant Attorney General for the State of Maine. Plaintiffs charged the State defendants with misfeasance and malfeasance in connection with their implementation of Maine's compulsory attendance laws. The Federal defendants were charged with nonfeasance of their alleged prosecutive or legislative responsibilities to vindicate plaintiffs' perceived constitutional right to educate their children at home, notwithstanding the requirements of Maine law.

On December 8, 1983, the Supreme Judicial Court of Maine decided *State v. Mc-*

---

1. For a more detailed statement of the circumstances surrounding the onset of the controversy, see *State v. McDonough,* 468 A.2d 977 (Me. 1983).

2. Ultimately, plaintiffs were adjudicated by the Supreme Judicial Court of Maine as having committed civil violations under 20 M.R.S.A. § 911 for the 1982–83 school year, see *State v. McDonough,* 468 A.2d 977 (Me.1983), and the 1983–84 school year, see *State v. McDonough,* 481 A.2d 184 (Me.1984).

*Donough,* 468 A.2d 977 (Me.1983), rejecting plaintiffs' constitutional challenge to Maine's compulsory attendance law provisions relating to "home education" and habitual truancy. Plaintiffs' reaction was swift. On December 19, 1983, plaintiffs filed their second suit in this Court,[3] naming each of the six sitting Maine Supreme Court Justices who had rejected plaintiffs' constitutional challenge on December 8, together with the Superior Court Justice who had ruled against plaintiffs below and the two Assistant District Attorneys who had represented the State. By that time, of course, the plaintiffs had not only been finally adjudicated as having committed a civil violation for refusal to submit a "home education plan" for the *1982–83 school year,* but they had also refused to do so for the *1983–84 school year,* which was already well underway.

On September 20, 1984, shortly after this Court dismissed plaintiffs' second action, *see* note 3 *supra,* the Supreme Judicial Court upheld the judgment of the Penobscot County Superior Court that plaintiffs had committed a civil violation with respect to the "home education" of their children for the *1983–84 school year.*

## PRESENT ACTION

The present *pro se* complaint demands damages, declaratory relief and the removal of all defendants from public office. Despite having prevailed before Maine's highest court, these State defendants now find themselves in federal court charged with conspiring to deprive plaintiffs of their self-styled, nonexistent constitutional right to educate their children at home without state approval. The Federal defendants have been drawn into the fray for their refusal to protect from encroachment by the State the nonexistent constitutional right asserted by plaintiffs.

All defendants move to dismiss the action. The Court directed the parties to file any and all affidavits, documents and memoranda in support of or in opposition to the motions to dismiss not later than February 10, 1984. The motions were scheduled for oral argument before the Honorable David S. Porter[*] on July 25, 1984. Plaintiffs failed to appear individually or by counsel. All defendants were represented by counsel at oral argument and all agreed to submit their motions to dismiss on the documents, following brief oral presentations on the record. Judge Porter thereupon deemed the motions submitted.

## I.

## DEFENDANTS BRENNAN, MARTIN, McCARTHY AND BEAULIEU

 In an excellent memorandum of law, Maine Assistant Attorney General Robert S. Frank succinctly and conclusively demonstrates the entitlement of these State defendants to a dismissal of all claims brought against them by plaintiffs for failure to state a claim upon which relief can be granted.[4] Fed.R.Civ.P. 12(b)(6).

These State defendants, the Governor of Maine, the Speaker of the Maine House of Representatives, a Superior Court Justice and a State District Court Judge, have been sued by plaintiffs for "conspir[ing] to make [plaintiffs] believe that [Maine's Compulsory Education Law] is legitimate...," Complaint ¶ 6, and for "trying to force

---

**3.** This second action, Civil No. 83–0439–B, was dismissed on August 7, 1984. The gravamen of the action was that the defendant state justices and prosecutors had violated various provisions of constitutional, criminal and civil law by ruling or advocating that the plaintiffs did not have an unqualified constitutional right to educate their children at home without first submitting a "home education plan" as required by Maine's compulsory attendance law.

[*] United States Senior District Judge, Southern District of Ohio, Western Division, sitting by designation.

**4.** Assistant Attorney General Frank's able representation of these State defendants was promptly rewarded by plaintiffs' filing of an amended complaint, joining Mr. Frank as a party defendant. *See* text *infra,* at p. 682.

[plaintiffs] to submitting (sic) a private paper [curriculum] ...," Complaint ¶ 6.[5]

There is no other allegation of specific conduct by any of these State defendants; no overt act; no specific facts; only the general and conclusory allegations quoted above. Testing these allegations against the requisite elements of each of the criminal, civil and constitutional causes of action asserted by plaintiffs and further indulging plaintiffs' *pro se* complaint to the fullest measure, it appears beyond cavil that plaintiffs have utterly failed to state any claim upon which relief can be granted to plaintiffs against any of these defendants.

Accordingly, plaintiffs' complaint is DISMISSED as to these State defendants, pursuant to Fed.R.Civ.P. 12(b)(6).

## DEFENDANT FRANK

Plaintiffs' amended complaint alleges that Maine Assistant Attorney General Frank, by virtue of his role as counsel to the State defendants in these proceedings, is (1) at "war with the United States Constitution" and in violation of his oath of office; (2) negligent; (3) engaged in "legal malpractice"; and (4) a "willing co-conspirator." Undaunted, defendant Frank filed his own motion to dismiss, together with a cogent and restrained supporting memorandum of law. In this instance, the Court feels constrained to dispose of plaintiffs' claims even more succinctly than did defendant Frank in his memorandum.

Plaintiffs have lost the "war with the United States Constitution" about which they complain against defendant Frank, *State v. McDonough*, 468 A.2d 977 (Me.

1983); *State v. McDonough*, 481 A.2d 184 (Me.1984), which in turn resolves whatever semblance of merit might ever have been supposed by plaintiffs to attach to their irresponsible assertion that the defendant violated his oath of office by representing his clients.

Altogether aside from the fundamental fact that plaintiffs refuse to acknowledge that their claims to an assertedly unqualified right to educate their children at home, without complying with Maine law, have been finally resolved against *them*, their charge that defendant Frank has acted negligently ignores the reality that defendant Frank is defendants' counsel, not plaintiffs' counsel. The characterization of Mr. Frank's defense of the conduct of his clients in the performance of their official responsibilities under valid Maine law, as *negligence and malpractice*, represents reason run amok with its appetite for vituperation.[6]

Finally, if defendant Frank became a "willing co-conspirator," as plaintiffs charge, he did so by virtue of his able and entirely professional, as well as successful, defense of his "co-conspirator" clients, an undertaking which ought not expose an attorney to the calumnies contained in plaintiffs' amended complaint.

None of the "causes of action" alleged in plaintiffs' amended complaint states a claim upon which relief can be granted. Accordingly, for the reasons stated here and in the foregoing discussion of the motions to dismiss filed by other State defendants, plaintiffs' amended complaint is DISMISSED for failure to state any claim upon

---

**5.** On December 8, 1983 the Supreme Judicial Court of Maine upheld the constitutionality of the various provisions of Maine's compulsory attendance law which form the matrix upon which plaintiffs base their allegations of wrongdoing by these defendants, *see State v. McDonough*, 468 A.2d 977, 980 (Me.1983), and rejected plaintiffs' constitutional challenge to the efforts of certain defendants to compel plaintiffs to submit a "home education plan" as a condition precedent to state approval, *see id.* at n. 5.

**6.** Defendant Frank moves for the imposition of sanctions against these *pro se* plaintiffs pursuant

to Federal Rule of Civil Procedure 11, as amended, effective August 1, 1983. Prior to August 1, 1983, Rule 11 merely *authorized* "appropriate disciplinary action" against *counsel*. Amended Rule 11, which became effective one day before plaintiffs filed the present action, *mandates* the imposition of "an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of [any] pleading, motion, or other paper [in violation of Rule 11], including a reasonable attorney's fee." Fed.R.Civ.P. 11.

which relief can be granted; provided, however, that the Court expressly reserves jurisdiction of defendant Frank's motion for the imposition of sanctions under Fed.R. Civ.P. 11.[7]

## DEFENDANTS KRAVCHUK AND ALMY

■ These defendants are assistant district attorneys who represented the State in its first prosecution of the plaintiffs for civil violations of the habitual truancy provisions of Maine's compulsory attendance law. These defendants acted in good faith and pursuant to the official duties imposed upon them by valid Maine law and by their oaths of office. Their prosecution of these plaintiffs pursuant to law was clothed with absolute immunity. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

For this reason, *inter alia,* plaintiffs' complaint is *DISMISSED* as to defendants Kravchuk and Almy for failure to state a cognizable claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

## DEFENDANTS NEY AND CUSHMAN

■ These defendants (District defendants) are, respectively, the Superintendent and the Truant Officer of School Administrative District No. 64. These District defendants performed their official duties relating to the investigation and prosecution of habitual truancy; they did so in good faith; they did so with all appropriate discretion and restraint, *see State v. McDonough,* 468 A.2d 977, 978 (Me.1983), and they did so pursuant to provisions of Maine law which have since been conclusively held constitutional, *id.* The complaint neither alleges nor would the record support any suggestion that the District defendants acted with any impermissible motivation or with any disregard of the rights of the plaintiffs or their children.

Accordingly, the official conduct of the District defendants is clothed with a qualified, good-faith immunity, *Wood v. Strick-*

*land,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1974), which, among other reasons, requires that plaintiffs' complaint against these defendants be DISMISSED for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

## DEFENDANTS COHEN, MITCHELL AND SNOWE

■ These Federal defendants are charged with refusing to intervene in behalf of plaintiffs as requested. While respecting plaintiffs' right to petition their elected representatives, these Federal defendants declined plaintiffs' invitations to disregard both the separation of powers and the principles of comity and federalism. Plaintiffs have alleged no act of omission or commission by these Federal defendants, except their failure to intervene, which was neither inappropriate nor actionable. *See Chase v. Kennedy,* No. 77–305 (S.D.Cal. August 21, 1979), *aff'd,* 605 F.2d 561 (9th Cir.), *cert. denied,* 444 U.S. 935, 100 S.Ct. 284, 62 L.Ed.2d 195 (1979).

Accordingly, and for the reasons stated, plaintiffs' complaint against these Federal defendants is DISMISSED for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

## DEFENDANT McCLOSKEY

■ By refusing plaintiffs' requests to investigate and prosecute the State defendants so as to prevent the enforcement of Maine's compulsory attendance law, Assistant U.S. Attorney McCloskey is charged as a "co-conspirator." As previously noted, the alleged conspiracy which defendant McCloskey is charged with having joined turns out to have been not only a proper, but indeed a required, undertaking by the State defendants in aid of the enforcement of valid Maine law. *See State v. McDonough,* 468 A.2d 977 (Me.1983); *State v. McDonough,* 481 A.2d 184 (Me.1984).

---

**7.** *See* note 6 *supra.*

Moreover, defendant McCloskey is entitled to absolute immunity from any civil claim for damages allegedly resulting from the discretionary prosecutive decision not to prosecute. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

Accordingly, plaintiffs' complaint against defendant McCloskey is DISMISSED for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

It appearing that there exists no just reason for delaying the entry of final judgment as ordered herein, while the Court undertakes a determination of the merits of the motion for sanctions,[8] the Clerk is hereby DIRECTED forthwith to enter final judgment dismissing, with prejudice, plaintiffs' complaint and amended complaint against all defendants in accordance with the within memorandum and order.

It appearing that the injunctive order entered by Judge Porter herein on July 27, 1984 requires amendment so as to permit plaintiffs to respond to the motion for sanctions filed by Defendant Frank, *see* note 6 *supra,* that injunction is hereby amended so as to permit such a response, within ten days of this order, and for no other purpose.[9]

SO ORDERED.

---

**8.** *See* note 6 *supra.*

**9.** Plaintiffs are expressly permitted by the pending injunction to appeal the judgment directed to be entered herein, and to file a motion for leave of the Court to file any other action.

Plaintiffs are specifically cautioned, however, that the provisions of Fed.R.Civ.P. 11 apply to any such motion for leave, and that the express provisions of the pending injunction, as amended hereby, continue in full force and effect.