**Winfred P. ADAMS, Plaintiff,**

v.

**Bill RICHARDSON, Defendant.**

**Civ. A. No. 94–2546 (PLF).**

United States District Court, District of Columbia.

Dec. 20, 1994.

---

Winfred P. Adams, Farmington, NM, for plaintiff.

Thomas J. Spulak, Gen. Counsel, Charlies Tiefer, Deputy Gen. Counsel & Sol. and Lenore D. Dick, Asst. Counsel, Office of Gen. Counsel, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

FRIEDMAN, District Judge.

This case comes before the Court on plaintiff's Complaint for Declaratory Judgment and Injunctive Relief and to Prevent Congressman Bill Richardson from Taking Office, plaintiff's Application For a Three Judge Panel, plaintiff's Motion for Extraordinary Writ to Prevent Congressman Richardson from Taking Office, and defendant's Motion To Dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. Upon consideration of the application and motions, the supporting and opposing papers, and plaintiff's complaint and exhibits, the Court finds that plaintiff's claims are without merit, that a three-judge court should not be empaneled and that this case should be dismissed.

Mr. Adams challenges the apportionment of congressional districts in New Mexico and the apportionment of legislative districts for the New Mexico legislature. Mr. Adams bases his first challenge on the claim that the vote for congressional representatives in New Mexico was abridged in violation of section two of the Fourteenth Amendment of the United States Constitution. He claims that the congressional districts created by the New Mexico State Legislature were created under conditions of fraud contrary to the New Mexico Constitution because certain unnamed state legislators exercised joint legislative and judicial powers. He also alleges that information the electorate needed to make a fully informed choice was suppressed. This allegation arises from Congressman Richardson's apparent choice not to participate in certain election debates and not to visit his district or confront his constituents as frequently as Mr. Adams believes was necessary to inform the electorate. Mr. Adams further alleges that a "constructive bribe" played a part favorable to Congressman Richardson in the election. He claims that the "constructive bribe" consisted of alleged tax breaks received by all New Mexico newspapers, one of which endorsed Congressman Richardson for reelection. Finally, Mr. Adams asserts that Congressman Richardson failed to take certain actions to give

notice of or suppress an alleged armed insurrection by New Mexico public officials against United States citizens.

Mr. Adams' second challenge is to the apportionment of legislative districts for the New Mexico legislature, which he maintains abridged the electorate's vote. He claims that information regarding the incompetence of New Mexico judges was suppressed to keep the electorate uninformed. He further claims that the legislative districts were created by officers exercising both legislative and judicial powers, contrary to the New Mexico Constitution. Mr. Adams asserts that public officers in the New Mexico government are involved in or are aiding and abetting an armed insurrection against the United States.

Mr. Adams' claim that New Mexico public officials are leading an armed insurrection against the United States and his claim that Congressman Richardson is aiding and abetting the insurrection are at the heart of his complaint. Mr. Adams makes several general and specific claims regarding malfeasance and omissions by judicial officers in New Mexico, which claims he says gave rise to the insurrection against the United States. For example, he claims that a judge was somehow involved in allowing the continuing dumping of waste pursuant to a federal permit that he alleges affects the private property and health of certain individuals, that minorities must face criminal charges before corrupt judges and packed juries in prison garb while non-minorities can appear in civilian clothing before a favorably packed jury, that unlawful search warrants were issued by judges, and that unlawful incarcerations are supported by the state and federal judiciary. Mr. Adams makes other allegations of insurrection not involving the judiciary, including the assertion that a secret meeting of the nation's police chiefs, who are appointed to office, occurred in New Mexico without the participation of sheriffs of the nation, who are elected to office. Adams claims that Congressman Richardson should be enjoined from taking office because he did nothing to inform Congress about this insurrection or to suppress the insurrection, and that he thereby aided and abetted the insurrection.

In determining whether to request the Chief Judge of the Circuit to convene a three judge court, a single judge has the authority to decide whether the complaint states a "substantial" constitutional claim. *Police Officers' Guild, National Union of Police Officers v. Washington,* 369 F.Supp. 543, 548–49 (D.D.C.1973); *Silver v. Queen's Hospital,* 53 F.R.D. 223, 225 (D. Hawaii 1971); *see* 28 U.S.C. § 2284(a). A three-judge court is not required if the constitutional claim is "wholly insubstantial," "frivolous," or "essentially fictitious." *Bailey v. Patterson,* 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962). A claim is insubstantial if it is obviously without merit or clearly determined by previous case law. *Goosby v. Osser,* 409 U.S. 512, 518, 93 S.Ct. 854, 858–59, 35 L.Ed.2d 36 (1973); *Ex parte Poresky,* 290 U.S. 30, 32, 54 S.Ct. 3, 4–5, 78 L.Ed. 152 (1933); *Armour v. Ohio,* 925 F.2d 987, 989 (6th Cir.1991). A single judge "has an obligation to examine the complaint to determine whether it states a substantial claim" before burdening two other judges by requesting a three judge court to consider an insubstantial or frivolous claim. *Miller v. Daniels,* 509 F.Supp. 400, 405 (S.D.N.Y.1981).

Plaintiff's claims do not meet the test for appointment of a three-judge court. They are conclusory, without merit, insubstantial, frivolous and far-fetched. *Goosby v. Osser,* 409 U.S. at 518, 93 S.Ct. at 858–59. Although plaintiff alleges abridgment of the vote in New Mexico, his explanations for how the vote was abridged are inadequate and do not give rise to constitutional violations. His allegations of an armed insurrection are far-fetched and frivolous, if not essentially fictitious. Congressman Richardson's decisions on when and how to address his constituents were well within his legislative discretion and are matters with which the courts should not become enmeshed. The Court cannot find any merit to the claim that by virtue of the Congressman's choices of how to run his campaign or deal with his constituents that he purposefully kept the electorate uninformed and thus abridged their vote. Plaintiff has no constitutional right to have Congressman Richardson make particular decisions or take particular actions. *Cf.*

*Richards v. Harper,* 864 F.2d 85, 88 (9th Cir.1988); *McDonough v. Ney,* 599 F.Supp. 679, 683 (D.Me.1984). Furthermore, the fact that Congressman Richardson chose not to give Mr. Adams' claims of insurrections any credence also fails to give rise to a constitutional claim.

■ Mr. Adams' only claim that actually implicates his challenges to the apportionment of congressional districts and the New Mexico legislature involves whether the congressional and state districts were created by the New Mexico State legislature under conditions of fraud. Plaintiff alleges that some of the officers in the legislature that created the districts exercised joint legislative and judicial powers contrary to section 1, Article III of the New Mexico Constitution. Mr. Adams has offered no facts that support his allegations of violations of New Mexico's Constitution, however. He has named no individuals who allegedly exercised joint legislative and judicial powers. Most importantly, he has given no indication as to how the purported violation of the New Mexico constitution led to his claimed injury—apportionment that violated the U.S. Constitution. The Court finds that there is no merit to this claim.

The Court has found no merit to plaintiff's other claims as set forth either in his application for a three judge panel or in his complaint. Mr. Adams has alleged, but has not described, a violation of the Voting Rights Act, 42 U.S.C. § 1971 *et seq.,* and nowhere has he alleged that the abridgment he claims is on account of race or color. In addition, although Mr. Adams may have complaints about certain decisions made by judges in New Mexico, his allegations and supporting facts are insufficient to give rise to any meritorious constitutional claim. Further, on the face of the complaint, the Court finds no merit to the contention that wrongdoing occurred from a newspaper's endorsement of Congressman Richardson or that any information regarding judges was purposely suppressed to keep the electorate uninformed.

When read in a light most favorable to plaintiff, the Court concludes that the complaint fails to state a claim upon which relief can be granted. In this Circuit, a complaint should be dismissed if plaintiff can prove no set of facts in support of his claim that would entitle him to relief, and the Court does not have to accept plaintiff's inferences if they are unsupported by or do not logically flow from the facts set out in the complaint. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994) (citations omitted). The Court finds that plaintiff has set forth no facts that support any claims for which relief may be granted. The complaint therefore will be dismissed under Rule 12(b)(6), Fed.R.Civ.P. In any event, the claims that plaintiff does advance, even if they had been supported by some facts, are not actionable because they lack merit and present no substantial constitutional claim. Because of the decision to grant defendant's motion under Rule 12(b)(6), the Court need not address defendant's immunity argument based on the Speech and Debate Clause and therefore need not reach the issue of subject matter jurisdiction. Accordingly, it is hereby

ORDERED that plaintiffs' Application For a Three Judge Panel is DENIED; and it is

FURTHER ORDERED that defendant's Motion To Dismiss the Complaint is GRANTED; and it is

FURTHER ORDERED that plaintiff's Motion for Extraordinary Writ is DENIED as moot.

SO ORDERED.