**Michael CRAFT, Sr., Plaintiff,**

v.

**Honorable Michael R. McNULTY,**
**Defendant.**

No. 94–CV–1335.

United States District Court,
N.D. New York.

Jan. 28, 1995.

Michael Craft, Sr., plaintiff pro se.

Office of Gen. Counsel, U.S. House of Representatives, Washington, DC, for defendant (Thomas J. Spulak, of counsel).

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Presently before the Court is a motion for dismissal made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure brought by defendant Michael McNulty, a United States Representative from the 21st Congressional District of New York. It is alleged that the complaint fails to state a cause of action upon which relief can be granted, and, moreover, it is alleged that the doctrine of qualified immunity protects the defendant from the suit at bar.

### I.

Under normal circumstances, the facts of the case would be summarized by the Court before the case is analyzed. However, since the complaint in question is fairly short, the

court will reprint the complaint in its entirety as factual background for this case:

In September of 1992, I, Michael Craft, Sr. contacted Michael R. McNulty, my Congressman, of criminal activity and violations of the law by Internal Revenue Service Personnel. Mr. McNulty and myself with myself submitting numerous sworn affidavits, communicating more than six times in writing, and submitting signed Treasury 211 contracts, ceased contact due to letter from a Commissioner Cornelius Coleman claiming the direct opposite from what I had sworn to. Mr. McNulty cut off contact with me after this and refused to represent me. He did not contact justice or conduct any Congressional hearings.

Mr. McNulty is my elected Representative and was elected by the constitutional process to represent and help his contituants [sic].

Mr. McNulty sided with a public employee and cut off all contact even though he had evidence from me to substantiate all my charges.

Mr. McNulty did violate my constitutional right to representation by refusing to demand a complete Internal Investigation by an independant [sic] congressional committee.

I made serious accusations, and still do, of a number of criminal charges against Internal Revenue Service Personal. Mr. McNulty did nothing.

Mr. McNulty had a constitutional duty to seek out the truth and he did not.

On February 10, 1993, Michael McNulty received notice from on Cornelius Coleman, Regional Commissioner of the IRS, 90 Church Street N.Y. N.Y. 10007 that I was lying and had no credibility even though the IRS had just completed one of my cases.

I informed Michael McNulty, as my Congressman, that Mr. Coleman was covering up fraud and McNulty did nothing.

I claim Michael McNulty did commit [sic] tort upon me in that he promised to represent me and the Constitution and did neither.

I also claim Mr. McNulty did violate my right to do [sic] process by not contacting the Justice Department and by not convening the Oversight Comm.

(Compl. ¶¶ 1–10).[1] Although the complaint is void of any request for relief, the Civil Cover Sheet indicates that plaintiff is demanding compensatory damages of $9,000,000.00.

## II.

█ On a motion to dismiss, the facts alleged by the plaintiff are assumed to be true and must be liberally construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). While the court need not accept mere conclusions of law, the court should accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom. *Murray v. City of Milford,* 380 F.2d 468 (2d Cir.1967). Thus, the court's inquiry on this Rule 12(b)(6) motion is merely directed to whether plaintiff's allegations constitute a statement of claim under Rule 8(a), which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

█ Moreover, the court must give a pro se plaintiff "every favorable inference arising from his pro se status, as well as from his position as a nonmovant on these motions to dismiss." *Hall v. Dworkin,* 829 F.Supp. 1403, 1409 (N.D.N.Y.1993). The Supreme Court requires that pro se complaints be more liberally interpreted than those filed by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

█ In sum, a complaint should not be dismissed for failure to state a claim unless it appears, beyond doubt, that the plaintiff can prove no set of facts which would entitle him

---

1. Defense counsel, in his memorandum of law, has failed to recite four of the ten paragraphs of plaintiff's complaint. Def.Mem. at 1–2.

to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985); *Wanamaker v. Columbian Rope Co.,* 740 F.Supp. 127 (N.D.N.Y. 1990).

In the case at bar, plaintiff's complaint must be dismissed because it has indeed failed to sufficiently allege a claim upon which relief can be granted. There are two reasons for this determination. First, the plaintiff lacks standing to bring the instant action. And second, the claim itself is not actionable.

■■■ As the Supreme Court explained in *Bender v. Williamsport Area School District,* 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Id.* at 541, 106 S.Ct. at 1331. Therefore, a court has an obligation to satisfy itself of its own jurisdiction prior to addressing the merits of the claims in question. *See id.* When standing is at issue, the court must construe the complaint broadly and liberally, and in conformity with the principles set forth in Rule 8(f) of the Federal Rules of Civil Procedure.

> The Supreme Court has explained that: Arti[cle] III requires the party who invokes the court's authority "to show he personally suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorite decision."

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (cites omitted); *see United States v. City of New York,* 972 F.2d 464, 470 (2d Cir.1992). The requirement of a "case or controversy" is the jurisdictional touchstone of Article III, and for a "case or controversy" to exist, the plaintiff in a lawsuit in federal court must have standing to sue. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). Thus, it is imperative that plaintiff be able to demonstrate standing.

■■ In the case at bar, plaintiff has failed to satisfy this requirement. There are no allegations in the complaint which demonstrates that plaintiff "personally suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Valley Forge Christian College,* 454 U.S. at 472, 102 S.Ct. at 758. The instant complaint's only allegation is that defendant, as a Congressman, has failed to investigate a reported wrongdoing. This alone will not give plaintiff standing since such an omission has absolutely no affect on the well-being of the plaintiff and does not presently or potentially injure the plaintiff in any way.

■■ Moreover, the complaint is also dismissed because the allegations, even if true, do not arise to the level of an actionable wrong. The fact that defendant has failed to follow-up on the alleged wrongdoings of an Internal Revenue Service personnel is neither inappropriate nor actionable under the laws. *See McDonough v. Ney,* 599 F.Supp. 679, 683 (D.Me.1984) citing *Chase v. Kennedy,* No. 77–305 (S.D.Cal. August 21, 1979), *aff'd,* 605 F.2d 561 (9th Cir.1979).

The conclusion reached by this Court on the aforementioned grounds are reached even if the facts are examined in light most favorably to the plaintiff and all inferences are made in his favor. Plaintiff's *pro se* status will not save the complaint from dismissal. Therefore, it is hereby

**ORDERED,** that defendant McNulty's motion to dismiss be granted in its entirety and the complaint be dismissed.

**IT IS SO ORDERED.**